IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**WENDELL PETTRY,**

    **Petitioner,**

**v.**                               **Case No. 5:07-cv-00270**

**THOMAS McBRIDE, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On May 1, 2007, Petitioner filed a two-page hand-written document ("first petition," docket # 1) which the court interpreted to be an attempt to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 23, 2007, Petitioner filed a 14-page petition, using the form found in the Rules Governing Section 2254 Cases ("amended petition," # 3). For the reasons set forth below, the undersigned proposes that the presiding District Judge **FIND** that neither petition was timely filed and that Petitioner failed to exhaust his state remedies.

The first petition reads as follows (spelling corrected):

> My judge at Beckley was Burnside, attorney D. Abrams. Hively was attorney at Clay. I'd like for you to hear my situation here and see that you think. 1992 I was locked up, beaten by a state trooper. I wasn't read my rights. Since 1997 and to now, I was locked up 6 times for charges I wasn't guilty of, by D.O.C. [Division of Corrections]. Honest, I'll take a polygraph test to prove it. To beat all, 1992 I asked both Clay and Raleigh County for a mental check of my ability to

> function as a normal person.  I do believe I have a handicap mentally and I wasn't able to prove it up to tell the truth.  I was sent to prison without a mental check.  I feel I should be set free.  Could you get me a court day for this to prove this or will I have to sue in this matter?
>
> I feel I was taken advantage of and when I wasn't given a mental check of my condition, this should have been dismissed against me.  My knowing the difference helped me to check with you for I feel this was ground for a mistrial.  I should [have] been given a chance to prove if I had a mental handicap which I had a head injury about 1962.  I feel part of my brain is dead, for I scratch right side of my head (wait, let me get a cup of coffee here) & there isn't hardly any feeling of it.  I have a 53 birthday coming up May 6.  I only what you could do to get me out.  I've been locked up 15 years Feb. 13, 2007.  Also I could have the mind of a kid if I'm put in a mental health facility.  I could see it.  I feel my whole ordeal is wrong.  Thanks.
> /s/ Wendell Pettry

The amended petition states that Petitioner was convicted in 1993 in Raleigh and Clay Counties, West Virginia, of the crimes of robbery and breaking and entering (# 3, at 1).  It appears that he is serving two sentences: a ten-year, and a one-to-ten.  Id.  He pled guilty, and he did not appeal.  Id., at 1-2.  He has not filed a petition in state court for post-conviction relief.  Id., at 3.

The grounds for relief in the amended petition are stated as follows (spelling corrected):

> Ground one: Wrongfully locked up.  I wasn't given a mental evaluation, as I requested at both Clay and Raleigh [Counties].  Mr. Pettry feels a head injury he had is to blame for [his] actions, and with this [it] was mistake and error to lock him up for 15 years.
>
> Ground two:  Mistreated while incarcerated.  Locked up for doing no wrong 6 times.

> Ground three: Rights was violated upon time of arrest and beaten while questioned.  I feel I was mistreated and should be set free from cruelty and brutality.
>
> Ground four: Should not [have] been sent to prison because of head injury, mental health problems.  Inmate feels his cause of crimes he committed is based on mental illness and wasn't checked for this very problem.

<u>Timeliness</u>

On April 24, 1996, a one-year period of limitation for the filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final in or about 1993.  From 1993 until April 24, 1996, there was no period of limitation.  Thus, the one-year limitation period began to run on April 24, 1996.  Although "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2), Petitioner did not file any applications for post-conviction or other collateral review.  Therefore, the one-year

3

period expired on April 24, 1997, and the petitions, filed in 2007, are untimely.

In accordance with the decision of the United States Court of Appeals for the Fourth Circuit in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), Petitioner is hereby notified that his section 2254 action will be dismissed as untimely, unless he can demonstrate that it was filed within the proper time period.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 Petition for Writ of Habeas Corpus is untimely under the AEDPA. Unless, during the objection period described below, Petitioner can demonstrate that his Petition was timely filed, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **DENY** as untimely Petitioner's section 2254 Petitions (## 1 and 3) and remove this matter from the court's docket.

Exhaustion of State Remedies

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
 (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Prior to filing the instant federal petition, Petitioner neither sought a direct appeal, nor filed a habeas corpus petition in the Circuit Court of Clay or Raleigh County, followed by an appeal to the SCAWV.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims contained in Petitioner's section 2254 petitions have not been properly exhausted in the state courts. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's section 2254 petitions (## 1 and 3), pending the exhaustion of all available state court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of <u>de</u> <u>novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

    July 5, 2007
        Date

Mary E. Stanley
United States Magistrate Judge